1

2

3

4

5

6

7

8

9        UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

11

12

13

14

15  JACQUELINE  BRIGHT,              )        CV 06-6596 SH
                                     )
16            Plaintiff,             )        MEMORANDUM DECISION
                                     )        AND ORDER
17            v.                     )
                                     )
18  MICHAEL J. ASTRUE,               )
    Commissioner of the             )
19  Social Security Administration,  )
                                     )
20            Defendant.             )
    ─────────────────────────────── )

21

22          This matter is before the Court for review of the decision by the Commissioner

23  of  the  Social  Security  Administration  ("Commissioner")  denying  Plaintiff's

24  application for benefits under Title II of the Social Security Act.  The action arises

25  under 42 U.S.C. § 405(g), which authorizes the Court to enter Judgment upon the

26  pleadings and transcript of the record before the Commissioner.  The Plaintiff and

27  Defendant have filed their pleadings, the Defendant has filed the certified transcript

28  of the Administrative Record ("AR"), and the parties have field a Joint Stipulation.

    After reviewing the matter, the Court concludes that the decision of the Commissioner

should be reversed and the matter remanded for further proceedings consistent with this decision.

## I. PROCEEDINGS

Plaintiff filed for disability benefits under Title II of the Social Security Act on November 17, 2003.  AR 36-38.  Her application was denied both initially, AR 30-34, and, after a subsequent hearing, by an Administrative Law Judge ("ALJ") on  March 20, 2006.  AR 16-19.  Plaintiff's request for review of the ALJ's decision was also denied by the Appeals Council on August 25, 2006.  AR 3-5.  Plaintiff then filed the present Complaint.

Plaintiff makes two challenges to the ALJ's decision.  Plaintiff alleges that (1) the ALJ failed to properly evaluate her obesity, and (2) the ALJ failed to provide clear and convincing reasons to reject her subjective symptom testimony.  Because the Court finds that Plaintiff prevails on issue one, it need not address the second issue raised by the Plaintiff.

## II. DISCUSSION

Between September 29, 2003, and January 3, 2005, Plaintiff visited the Martin Luther King Jr./Drew Medical Center ("King/Drew") multiple times complaining of bilateral knee pain.  AR 76-82, 99-149.  On one occasion, Plaintiff also complained of chest pains.  AR 119.  Plaintiff was diagnosed with osteoarthritis in her left knee following an examination and x-rays conducted by the medical personnel at King/Drew during her first visit on September 29, 2003.  AR 77-82.  Plaintiff was also diagnosed with hypertension several months later, on February 19, 2004.  AR 147-149.

Additionally, Plaintiff was diagnosed with obesity on that same date.  AR 149.  Results of laboratory results conducted in conjunction with the February 2004 examination indicated high levels of HDL and LDL cholesterol in Plaintiff's blood.

Case 2:06-cv-06596-SH   Document 17   Filed 09/17/07   Page 3 of 7   Page ID #:46

AR 146.[1]

Nevertheless, the ALJ concluded in his decision that Plaintiff only suffered from controlled hypertension and arthritis in her knees, arguing that "claimant's doctors have never indicated that she had any functional limitations, which were expected to last for a period of twelve continuous months."  AR 17.

The ALJ adopted  the opinion of a consultative examiner ("CE"), who examined Plaintiff on February 24, 2004.  AR 69-74.  The CE found that Plaintiff, while having bilateral chondromalcia with arthritis and a spurring of the patellofemoral articulations, had a normal gait and could still perform heavy work. AR 73.  The CE, though noting Plaintiff's weight and height, did not address any potential obesity issues.  AR 70.

In 1999, obesity was removed from the list of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  SSR 02-01p.  However, obesity must still be addressed in evaluating a plaintiff's impairments in the five-step sequential analysis of disability to be followed in Title II and Title XVI cases.  SSR 02-01p.

The five step analysis is delineated at 20 C.F.R. § 404.1520:

At the first of the five steps, it is determined whether a person is engaged in "substantial gainful activity." If so, disability benefits are denied.

At the second step, it is determined whether the person has a medically severe impairment or a combination of impairments.  If not, benefits are denied.

At the third step, it is determined whether the person's severe impairment or

---

[1]Throughout the period of Plaintiff's treatment, Plaintiff's weight was recorded as varying between 190 and 203 pounds. Plaintiff's height was recorded only once at 5 foot 1 inch; in the Joint Stipulation, Plaintiff argues that she is 62 inches, or 5 foot 2 inches, tall.  Joint Stipulation at 5. Regardless of Plaintiff's height, when either measurement is considered with either of the two extremes of her weight, a calculation of her Body Mass Index (BMI) puts her in the obese category according to the National Institute of Health (NIH) standards, which are adopted by the Social Security Administration. Social Security Ruling ("SSR") 02-01p; see Centers for Disease Control and Prevention online BMI calculator at http://www.cdc.gov/nccdphp/dnpa/bmi/index.htm and the BMI tables on the NIH website at http://www.nhlbi.nih.gov/guidelines/obesity/bmi_tbl.htm and http://www.nhlbi.nih.gov/guidelines/obesity/bmi_tbl2.htm.

1  combination of impairments meets or equals a number of impairments listed in 20

2  C.F.R. Part 404, Subpart P, Appendix 1, ("listed impairments"). If so, then the person

3  is presumed disabled, and benefits are awarded.

4  If a person's severe impairment or combination of impairments does not meet

5  or equal the criteria of a listed impairment, then at step four, a residual functional

6  capacity ("RFC") determination is made, and it is determined whether, based on the

7  RFC, the impairments prevent the person from performing past relevant work. If the

8  person is able to do so, benefits are denied.

9  Finally, at the fifth step, if a person cannot perform past relevant work, it is

10  determined whether the person can, based on the RFC, perform other kinds of work

11  available in the national economy. If so, benefits are denied.

12  At all steps of the analysis except for step five, it is the claimant's burden to

13  show the necessary proof.  Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989).

14  At step five, the burden shifts to the Commissioner to show that there is other work

15  which the claimant can perform based on the claimant's RFC level.  See id.

16  According to the Social Security Administration's regulations, obesity is to be

17  considered along every step of the five-step analysis, even when there is no explicit

18  diagnosis of obesity in a plaintiff's record.  SSR 02-01p.  Obesity is particularly

19  significant in step two of the analysis, the severity determination, and in step three, the

20  listed or equivalent impairment determination.  See SSR 02-01p.  There is no

21  particular level of obesity which qualifies a person as severely impaired in step two;

22  rather cases will be evaluated individually and will be based on the particular facts of

23  a case.  SSR 02-01p.  In step three, an equivalency will be found if there is an

24  impairment which, in combination with obesity, meets the requirements of a listing.

25  SSR 02-01p.

26  Because obesity can cause additional limitations of some functions depending

27  on where the excess weight is carried, obesity should be considered in conjunction

28  with other impairments.  SSR 02-01p; see also 20 C.F.R. §423(d)(2)(B) (stating that

1    the Social Security Administration ["SSA"] "will consider all impairments, even those

2    that are not severe").  A person's tolerance to sitting, walking, pushing, heat, and

3    humidity can all be more limited as result of the combined effect of obesity and other

4    impairments than if the person does not suffer from obesity.  SSR 02-01p.

5       The Ninth Circuit has further clarified the regulations related to obesity, stating

6    that because determinations of non-severity may prejudice a plaintiff in later steps,

7    such as step three, the ALJ must not make assumption about the severity of obesity

8    as combined with other impairments, but that he/she must decide each case based on

9    the information in the record.  See Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir.

10    2005); see also SSR 02-01p.[2]  However, obesity should be considered as a factor in

11    step three only when the plaintiff "presents evidence [that obesity acts in combination

12    with other impairments] in an effort to establish equivalence [to a listed impairment]."

13    Burch, 400 F.3d at 683.

14       If there is no evidence in the record that plaintiff's obesity exacerbates her other

15    impairments, id. at 682, and plaintiff does not point to any such evidence even on

16    appeal, the ALJ does not make a reversible legal error by not crediting plaintiff's

17    obesity as a limiting factor, as long as the ALJ addresses plaintiff's obesity in making

18    the RFC determination.  Id. at 683-684.[3]

19       In the present case, Plaintiff did not raise directly obesity as an impairment

20    during the hearing before the ALJ, nor did the ALJ make any findings or

21    considerations of Plaintiff's obesity in his RFC determination.  The record is equally

22

23       [2]In Burch, the ALJ did not consider plaintiff's obesity at step two, but because the step was resolved in plaintiff's favor, the Court found that to not be a reversible error.  Burch, 400 F.3d at

24    682.

25       [3]The Court in Burch noted that the ALJ addressed the plaintiff's obesity at step three, finding that it may exacerbate some of her other impairments slightly, and made his RFC determination

26    based on all the evidence.  Burch, 400 F.3d at 684.  Because plaintiff in Burch had not pointed to any additional limitations based on her obesity that were not addressed by the ALJ, the Court found that

27

28    the ALJ provided sufficient legal reasons for his determination.  Id.

unclear as to whether Plaintiff's obesity exacerbates her other impairments. Plaintiff
does not point to any statements that say as much.

However, the SSA requires that obesity is considered with other impairments
even if it is ultimately not seen as severe by itself. SSR 02-01p. The SSA further
cautions that special care should be paid when evaluating with impairments on
weight-bearing joints, such as arthritis in the knees, and obesity. <u>See</u> SSR 02-01p
(stating that "[t]he combined effects of obesity with other impairments may be greater
than might be expected without obesity. … [S]omeone with obesity and arthritis
affecting a weight-bearing joint may have more pain and limitation than might be
expected from the arthritis alone").

Further, and contrary to the plaintiff in <u>Burch</u>, Plaintiff here does raise the issue
of obesity on appeal. In the Complaint, Plaintiff alleges that her morbid obesity does
cause limitations of her physical functional capacity. Joint Stipulation at 6. She
argues that given her severe bilateral knee problems, her excess weight precludes her
from standing and walking six hours a day on a regular basis, which was determined
as part of her RFC by the ALJ. Joint Stipulation at 6, 8. Plaintiff's testimony at the
hearing before the ALJ is replete with Plaintiff's assertions that she is unable to stand,
walk, or even sit for a long time. AR 158-159, 165-166.

However, it is unclear whether Plaintiff's obesity, in conjunction with her other
impairments, is severe enough to limit Plaintiff's abilities in step three of the analysis.

The Court has the authority to affirm, modify, or reverse the Commissioner's
decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g).
Remand is appropriate when the record is not fully developed, and remand would
remedy defects in the Commissioner's decision. <u>See</u> <u>Lewin v. Schweiker</u>, 654 F.2d
631, 635 (9th Cir. 1981). Based on the unresolved issues relating to Plaintiff's
obesity, the Court cannot conclusively determine whether Plaintiff's combined
impairments meet criteria equivalent to a listed impairment. The Court, therefore,
remands this matter to the Commissioner to consider whether Plaintiff's obesity

1    further limits her physical capacity.

2                                    III. ORDER

3           For the foregoing reasons, the decision of the Commissioner is reversed, and

4    the matter is remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further

5    proceedings in accordance with this opinion.

6
7    DATED: September 17, 2007

8

9

10                                          /s/
                     _____
11                          STEPHEN J. HILLMAN
                     UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28